·THOMAS L. GRIFFEY, PLAINTIFF IN ERROR, V. MAR- SHALL W. KENNARD, DEFENDANT IN ERROR.

Ejectment:  EVIDENCE:  DAMAGES.  In an action in ejectment, where the evidence shows that the defendant was not in the actual possession of the real estate in dispute, receiving no profits therefrom, and that it was uninclosed and unimproved prairie land, no damages can be awarded for use and occupation.

ERROR to the district court for Dakota county.    Tried below before CRAWFORD, J.

*Joy, Wright & Hudson*, for plaintiff in error, cited: *McNeil v. Jordan*, 15 Reporter, 83.   *Douglass v. Matting*, 29  Iowa, 498.    *Bloomer v. Henderson*, 8 Mich., 405. *Deputy v. Stapleford*, 19 Cal., 302.    *Van Shaack v. Robbins*, 36 Iowa, 201.    *Winkler v. Miller*, 54 Iowa, 476.    *Huber v. Bossart*, 70 Iowa, 718.    *Tibbets v. Norris*, 42 Iowa, 120. *Wolcutt v. Townsend*, 49 Iowa, 456.   *Dungan v. Van Pahl*, 8  Iowa, 263.    *Duff v. Hutson*, 2 Bailey, 215.    *Barret v. Love*, 48 Iowa, 114.

*L. W. Osborn* and *John T. Spencer*, for defendant in error.

REESE, CH. J.

This was an action in ejectment, instituted in the district court of Dakota county by defendants in error, for the

possession of the south-west quarter of section four, in township number twenty-seven north, of range number eight east, and the north-west quarter of the south-west quarter of section twenty-seven, in township number twenty-eight north, of range number seven east, together with damages for withholding the same, to the amount of $900. The petition was in the usual form.

Plaintiff in error filed his answer, which consisted of a specific denial of defendant's ownership of the land in section four, and of their right to the possession thereof, together with a denial of its unlawful detention. The defendant's ownership of the land in section twenty-seven is neither admitted nor denied, for want of sufficient knowledge of the facts alleged in the petition, but the unlawful detention thereof is denied, as well as all the allegations of damages. It is alleged affirmatively that plaintiff in error is the owner of the real estate in question, and that his possession is rightful. The statute of limitations is pleaded as a bar to defendant's recovery of the land in section four, by which it is alleged that plaintiff in error has been in the actual possession of the property since the 7th day of September, 1871, under a tax deed of that date, and that such possession has continued uninterruptedly up to the commencement of this action.

The reply of the defendant in error consists of a denial of the allegations of the answer, and the affirmative averments that in the year 1870 defendants in error obtained a judgment in the district court of Dakota county for the sum of $1,500 against one Alexander MacReady, and that soon thereafter D. S. Parmelee obtained a judgment against the same defendant for the sum of $1,550; that prior thereto MacReady, being the owner thereof, had fraudulently conveyed the real estate in question (with other lands) to the members of his family, whereupon a proceeding in equity was instituted by said Parmelee, in connection with defendants in error, for the purpose of

subjecting said land to the payment of said judgments,. and that upon a final hearing of said cause it was decreed that the title of the defendants in said action was fraudulent, and the land made subject to execution process; that by an agreement between defendants in error and Parmelee, the proceedings in equity were conducted for their joint benefit and at their joint expense—each to share in the proceeds of the sale of said lands; that in pursuance of said agreement all the lands described in the petition, with others, were purchased by Parmelee at sheriff's sale for himself and defendants in error, and after the confirmation of the sheriff's sale and the conveyance to Parmelee, he, Parmelee, conveyed the lands in dispute, with others, to defendants in error; that during all of said proceedings, plaintiff in error was the paid attorney of record for defendants in error and Parmelee, acting for them, with full knowledge of the agreement and of the conveyance from Parmalee to defendants in error, and of defendants' ownership of the property; and that any titles obtained from the county treasurer by plaintiff in error, if any such were obtained, were received while acting for defendants in error and Parmelee as their attorney in the proceedings against said lands, and for the use and benefit of his said clients, or if obtained afterwards, with full knowledge of all their rights; that the the tax deed under which plaintiff in error claimed was void on its face, and conveyed no title to the real estate, and that if any rights were obtained thereunder, they inured to the benefit of defendants in error.

The cause was tried to the district court, a jury being waived, and resulted in a finding and judgment in favor of defendants in error as to the possession of the land and for $192 damages for its use. Plaintiff in error filed his motion for a new trial, which being overruled, he alleges error and seeks a review in this court.

The evidence adduced on the trial in the district court

shows clearly that the purchase of the real estate for taxes, by plaintiff in error, was antecedent to his employment by Parmelee in the suits to subject the land to payment of the judgments, and that he thereafter received a deed and has paid the taxes ever since ; all of which was known by defendants in error and Parmelee; but that the tax deed received was so defective as to convey no such title as would create a constructive possession of the property. There has been no actual possession, the land being uncultivated prairie. Therefore, under the repeated decisions of this court, the plea of the bar by the statute of limitations must fail, notwithstanding plaintiff error has a lien on the land for all taxes, interest, and costs.

It is shown by the evidence that, on the 8th day of February, 1875, D. S. Parmelee and his wife, after the purchase at sheriff's sale, conveyed the land in dispute to defendants in error by a quit-claim deed for the consideration of one dollar, and that said deed was recorded on the 10th day of September, 1883. On the 10th day of August, 1880, D. S. Parmelee and wife, by a similar deed, for the consideration of $500, conveyed the same land, with others, to Edward A. Parmelee, and which deed was recorded on the 8th day of September of the same year. On the 17th day of August, 1882, Edward A. Parmelee and wife, by a warranty deed—except as against taxes— for the consideration of $150, conveyed the premises to plaintiff in error, and on the 14th day of September of the same year this deed was recorded in the proper office. It will thus be seen that the deeds from D. S. Parmelee to Edward A. Parmelee and from Edward A. Parmelee to plaintiff in error, were made and recorded long before defendants in error placed their deed upon record. The only question, therefore, to be decided is, had plaintiff in error sufficient knowledge of the agreement between Parmelee and defendants in error to charge him with notice of their rights? There is no proof that he had actual

12

notice of the unrecorded deed held by defendants in error.

This question was presented to and decided by the district court, and while we are not entirely satisfied with the finding upon this question of fact, yet the decision having been made upon conflicting testimony, and there being some evidence to support it, we cannot, in the exercise of our appellate jurisdiction, reverse it.

The judgment of the district court included $192 damages for the use and occupation of real estate. In this we think the court erred. There was no proof of adverse possession on the part of plaintiff in error. The land in dispute was unfenced, uncultivated prairie, neither party having been in possession nor having derived any benefit from it. We know of no law which would allow damages under the circumstances as shown by the evidence.

The judgment provides that, the "finding and judgment does not affect the lien of the defendant, if any he have, for taxes paid." As plaintiff in error has paid all the taxes levied on the property since his purchase, he is entitled to repayment with interest, as provided by law, and he will be permitted to amend his answer, without costs, so as to present his equities in that behalf, if he so desires.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.